YU JUAN SHENG, Plaintiff–Appellant,

v.

CITY OF NEW YORK, Raymond Kelly, in his official capacity as the Commissioner of the Police Department of the City of New York, and individually,

Martha E. Stark, in her official capacity as Commissioner of the Department of Finance of the City of New York, and individually, Lindsay Eason, in his official capacity as Sheriff of the City of New York, and individually, Jefferson Rodriguez, Sergeant, in his official capacity as a Deputy Sheriff of the City of New York, and individually, Daisy M. Alverio, in her official capacity as Of Counsel to the Special Assistant Corporation Counsel, and individually, and John Doe, an administrative law judge employed by the City of New York to adjudicate parking summonses, Defendants–Appellees,

Michael A. Cardozo, in his official capacity as Corporation Counsel of the City of New York, and individually, Catherine Stringer, in her official capacity as a City Marshall of the City of New York, and individually, and U.S. Tow, Inc., a New York Corporation, Defendants.

No. 05–4816–cv.

United States Court of Appeals, Second Circuit.

May 10, 2006.

Thomas J. Hillgardner, Law Office of Oliver Hull, Sayville, NY, for Appellant.

Sharyn Rootenberg, (Michael A. Cardozo, Corporation Counsel of the City of

New York, Barry P. Schwartz, Scott Shorr), New York, NY, for Appellees, of counsel.

PRESENT: Hon. AMALYA L. KEARSE, Hon. JOSEPH M. McLAUGHLIN, and Hon. ROBERT D. SACK, Circuit Judges.

## SUMMARY ORDER

Yu Juan Sheng appeals from a memorandum and order of the district court denying her motion for a preliminary injunction. We assume that the parties and counsel are familiar with the facts and the procedural history of this case, and the scope of the issues presented on appeal.

"We review for abuse of discretion a district court's decision to deny a motion for a preliminary injunction." *Malletier v. Burlington Coat Factory Warehouse Corp.*, 426 F.3d 532, 537 (2d Cir.2005). "The typical preliminary injunction is prohibitory and generally seeks only to maintain the status quo pending a trial on the merits." *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 34 (2d Cir. 1995). "A mandatory injunction, in contrast, is said to alter the status quo by commanding some positive act." *Id.* "A district court may enter a *prohibitory* preliminary injunction staying 'government action taken in the public interest pursuant to a statutory or regulatory scheme' only when the moving party has demonstrated that (1) absent injunctive relief, he will suffer 'irreparable injury,' and (2) there is 'a likelihood that he will succeed on the merits of his claim.'" *Mastrovincenzo v. City of N.Y.*, 435 F.3d 78, 89 (2d Cir.2006) (quoting *Plaza Health Labs., Inc. v. Perales*, 878 F.2d 577, 580 (2d Cir. 1989)) (emphasis in original). "Alternatively, a district court may enter a *mandatory* preliminary injunction against the government only if it determines that, in addition to demonstrating irreparable harm, the moving party has shown a 'clear' or 'substantial' likelihood of success on the merits." *Id.* (quoting *No Spray Coalition, Inc. v. City of N.Y.*, 252 F.3d 148, 150 (2d Cir.2001)) (emphasis in original).

Sheng makes three arguments as to why she faces irreparable harm. First, Sheng argues that her creditworthiness may be affected by the ongoing entry of money judgments against her. Because Sheng failed to raise this argument before the district court, we do not consider her contention. *See Fifth Ave. Presbyterian Church v. City of N.Y.*, 293 F.3d 570, 576 (2d Cir.2002).

Second, Sheng argues that a preliminary injunction should issue because "the City is clearly unable to guarantee that Sheng's car will not be towed during the pendency of this litigation." Appellant's Br. at 43. But the City agreed before the district court to make "all reasonable efforts to effect a hold on the towing of [Sheng's] vehicle." As Sheng conceded at oral argument, her vehicle has not been towed since the City made this agreement over nine months ago.

Finally, at oral argument, for the first time and without referring to anything in the record before this Court, Sheng contended that she will suffer irreparable harm if an injunction does not issue because the New York State Department of Motor Vehicles might not allow her to renew her vehicle's registration. "We decline to consider this belated argument." *United States v. Pascarella*, 84 F.3d 61, 73 (2d Cir.1996). We conclude that Sheng has failed to demonstrate that absent injunctive relief she will "suffer an injury that is . . . actual and imminent." *Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir.2005) (internal quotation marks omitted).

We therefore conclude that the district court did not abuse its discretion in denying her motion.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.